UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 8:13-cr-200-T-23TBM
     8:17-cv-1597-T-23TBM

RONALD M. NIXON, JR.
_____/

## **O R D E R**

Nixon challenges the validity of his conviction for possession of a firearm in furtherance of a drug trafficking offense. Nixon pleaded guilty with the benefit of a plea agreement. Although a career offender, Nixon was granted a six-level downward departure and sentenced to 188 months.

Nixon's paper is on the required form for filing a motion under 28 U.S.C. § 2255 to vacate sentence. As discussed below, Nixon is barred from proceeding with a second or successive motion under Section 2255. In recognition of this bar, Nixon seeks to proceed under Section 2241 with an application for the writ of habeas corpus. As discussed below, Nixon is cannot proceed under Section 2241.

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d

557, 558 (5th Cir. 1980)[1] (finding the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) [Rules Governing § 2255 Proceedings], allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . .'"). *See United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982) (citing *Wright* and *Hart*). Nixon's paper, whether construed under Section 2255 or Section 2241, warrants no relief.

**Section 2255:**

The present motion to vacate is not Nixon's first motion under Section 2255. Nixon's earlier challenge under Section 2255 was denied on the merits. (Doc. 7 in 8:14-cv-1449-T-23TBM) Both the district court and the circuit court declined to issue a certificate of appealability. (Docs. 11 and 16 in 14-cv-1449) Nixon cannot pursue a second or successive motion without authorization from the Eleventh Circuit Court of Appeals. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *Felker v. Turpin*, 518 U.S. 651, 664 (1996); *Dunn v. Singletary*, 168 F.3d 440, 442 (11th Cir. 1999). The earlier denial of his

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

motion to vacate precludes Nixon from again challenging either his conviction or his sentence without first obtaining authorization from the circuit court.

Section 2255(h) permits authorizing a second or successive motion under two circumstances, specifically:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme court, that was previously unavailable.

Last year the circuit court denied Nixon's request for authorization to file a second or successive motion under Section 2255(h). (Doc. 15 in 14-cv-1449) The circuit court rejected Nixon's asserted entitlement to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), as applied retroactively by *Welch v. United States*, 136 S. Ct. 1257 (2016). *Johnson* holds that the "residual clause" of the Armed Career Criminal Act is unconstitutionally vague. The "residual clause" is limited to determining whether an offense qualifies as a "crime of violence" and is inapplicable to whether an offense qualifies as a "drug trafficking offense." Nixon is convicted of distributing cocaine base, a "drug trafficking offense." As a consequence, the constitutionality of the "residual clause" in the "crime of violence" provision is irrelevant. Moreover, *Ovalles v. United States*, 2017 WL 2829371 (11th Cir., June 30, 2017), holds that *Johnson* is inapplicable to Section 924(c).

A district court lacks jurisdiction to review a second or successive motion without the requisite authorization from the circuit court. *Burton v. Stewart*, 549 U.S.147, 157 (2007) ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it."). As a consequence, the district court must dismiss the present motion to vacate.

**Section 2241:**

Typically, a prisoner must challenge the validity of his federal conviction or sentence in a motion under Section 2255, but a prisoner must challenge the execution of his sentence under 28 U.S.C. § 2241. *See Daniels v. Warden, FCC Coleman*, 538 Fed. App'x 850 (11th Cir. 2013), *citing Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003), and *Antonelli v. Warden, U.S.P., Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008). However, Section 2255(e) authorizes a challenge to the validity of a conviction or sentence under Section 2241 in extremely limited circumstances.

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

The last part of Section 2255(e) — "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention — is called the "savings clause." Under *Gilbert v. United States*, 640 F.3d 1293 (11th Cir. 2011), *cert.*

*denied*, 132 S. Ct. 1001 (2012), "the savings clause does not cover sentence claims that could have been raised in earlier proceedings," and under *Wofford v. Scott*, 177 F.3d 1236, 1245 (11th Cir. 1999), the savings clause "does not exist to free a prisoner of the effects of his failure to raise an available claim earlier."

Nixon bears the burden of proving entitlement to the savings clause. *Turner v. Warden, Coleman FCI*, 709 F.3d 1328, 1333 (11th Cir.), *cert. denied sub nom Turner v. Pastrana*, 133 S. Ct. 2873 (2013) ("The burden of demonstrating the inadequacy or ineffectiveness of the § 2255 remedy rests squarely on the petitioner."). And a district court lacks jurisdiction to proceed with a challenge to the validity of the conviction or sentence under Section 2241 unless the prisoner shows entitlement to the savings clause. *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1338 (11th Cir. 2013) ("[T]he savings clause does indeed impose a subject-matter jurisdictional limit on § 2241 petitions."). *See also Wofford v. Scott*, 177 F.3d at 1245 (A prisoner cannot "use § 2241 simply to escape the restrictions on second or successive § 2255 motions. [The savings clause] does not exist to free a prisoner of the effects of his failure to raise an available claim earlier.").

Nixon fails to show that the remedy available in Section 2255 is inadequate. The circuit court has authorized many second or successive motions to vacate based on the retroactive application of *Johnson*. The circuit court declined to authorize Nixon's filing a second or successive motion because *Johnson* is inapplicable, as discussed above. As a consequence, Section 2255 is not "inadequate or ineffective to

test the legality of his detention." Nixon is entitled to relief under neither Section 2241 nor Section 2255 because *Johnson* affords him no relief.

## CERTIFICATE OF APPEALABILITY

**Section 2255:**

Generally, an applicant cannot appeal a district court's denial of relief under Section 2255 unless either the district court or the circuit court issues a certificate of appealability ("COA"). However, as *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007), explains (in the context of an application for the writ of habeas corpus under Section 2254), a COA cannot issue in this action because the district court cannot entertain the motion to vacate to review the second or successive application:

> Because he was attempting to relitigate previous claims that challenge the validity of his conviction, Williams was required to move this Court for an order authorizing the district court to consider a successive habeas petition. *See* 28 U.S.C. § 2244(b)(3)(A). Without such authorization, the district court lacked subject matter jurisdiction to consider the successive petition, and therefore could not issue a COA with respect to any of these claims.

*See United States v. Robinson*, 579 Fed. App'x 739, 741 n.1 (11th Cir. 2014)[2] (applying *Williams* in determining that the district court lacked jurisdiction because the motion to alter or amend a judgment under Rule 60(b), Federal Rules of Civil Procedure, was actually an impermissible second or successive motion under Section 2255 and, as a consequence, "a COA was not required to appeal the denial of the motion").

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

**Section 2241:**

A COA is not necessary for a person in federal custody who applies for a writ of habeas corpus under 28 U.S.C. § 2241, as *Sawyer v. Holder*, 326 F.3d 1363, 1364 fn.3 (11th Cir.), *cert. denied*, 540 U.S. 900 (2003), explains:

> As a preliminary matter, Sawyer may proceed before this court despite the lack of a certificate of appealability ("COA"). Based on the statutory language of 28 U.S.C. § 2253(c)(1), state prisoners proceeding under § 2241 must obtain a COA to appeal. In contrast, § 2253(c)(1)(B) explicitly requires a federal prisoner to obtain a COA only when proceeding under § 2255. By negative implication, a federal prisoner who proceeds under § 2241 does not need a COA to proceed. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.) (allowing petitioner to proceed under § 2241 without a COA), *cert. denied*, 534 U.S. 1001, 122 S. Ct. 476, 151 L. Ed. 2d 390 (2001).

Accordingly, Nixon's paper (Doc. 1) is **DISMISSED** as a motion under 28 U.S.C. § 2255 to vacate and is **DENIED** as an application under 28 U.S.C. § 2241 for the writ of habeas corpus. The clerk must close this case.

ORDERED in Tampa, Florida, on July 11, 2017.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE